## PEOPLE v. WAY.

It is not necessary to a conviction, under an indictment for forging an order for the delivery of goods, that the order should be signed in the name of a party having goods in the possession of the drawee.

APPEAL from the Court of Sessions of the County of Napa.

*H. Edgerton and R. D. Hopkins* for Appellant.

*Attorney-General* for Respondent.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., and FIELD, J., concurring.

Defendant was indicted and convicted of the crime of uttering a forged instrument, in writing, for the delivery of goods with intent to defraud, etc. On the trial, the charge was clearly established, but it appeared that the person to whom the forged instrument was addressed, was not acquainted with the supposed drawer; that he had no account with him, nor any goods in his possession belonging to him.

Counsel now insist that upon this evidence no conviction could be had, as, to constitute an order for the delivery of goods, it must be drawn by a party having goods in the possession of the drawee; and in support of this proposition they cite the case of Regina v. Roberts, referred to in 2 Russell, 522. The decision in that case turned upon the technical meaning of the word "order," which was the term used in the indictment as descriptive of the paper forged, and is not applicable to the case at bar.

The paper set out in the indictment is a request for the delivery of goods, and under our statute the forging or uttering of such a paper is a felony. It is not described in the indictment as an order, and if it were, we apprehend no advantage of the mistake in its description could be taken, as the paper itself is set out, and the defective description could not in any manner prejudice the rights of defendant.

Judgment affirmed.